## OTIS NORCROSS & *al. vs.* RANSOM CLARK & *al.*

Where an action is brought by two, alleging themselves to be copartners under
a particular name, pleading the general issue, *does not admit,* that the plain-
tiffs were the persons composing that partnership when the contract declared
on was made; although it is an admission of the existence of some copart-
nership of that name.

EXCEPTIONS from the Court of Common Pleas.

Assumpsit by *Otis Norcross* and *Eliphalet Jones,* alleged to be
copartners under the name of *Otis Norcross & Co.* The general
issue was pleaded. The only evidence to support the declaration
was a note signed by the defendants, of which the following is a
copy.

Norcross *v.* Clark.

" $301,06.                    *Bangor, August* 3, 1835.

For value received, we *Ransom Clark*, as principal, and *David Greely*, as surety, promise to pay *Otis Norcross & Co.*, or order, three hundred and one dollars, and six cents, in one year from date with interest.                    " *Ransom Clark.*
                    " *David Greely.*"

The defendants contended, that there was no evidence to prove that *Eliphalet Jones* composed one of the firm of *Otis Norcross & Co.*, and requested Perham J. presiding, so to instruct the jury. But the Judge ruled, that the defendants' plea of the general issue was an admission, that the action was rightly brought. The defendants also requested the Judge to charge the jury, that there was no evidence to prove, that *Jones* constituted one of the said firm, and that it was their duty to return a verdict for the defendants. But the Judge did not so charge the jury ; but left the question to the jury with the writ and note read in evidence under the circumstances before stated. The verdict was for the plaintiffs, and the defendants filed exceptions.

*Rogers*, for the defendants, contended, that the plea of the general issue did not admit, that *Jones* was one of the partners of *Norcross & Co.* 1 *Chitty on Pl.* 8 ; *ib.* 469. The principles of the decisions in *Prop. Ken. Pur.* v. *Call*, 1 *Mass. R.* 483, and *Longley* v. *Potter*, 11 *Mass. R.* 313, cannot extend further, than that there was a company of that name, not that the persons named as plaintiffs, were members of it.

*M. L. Appleton*, for the plaintiffs, argued, that making the note and pleading the general issue admitted, that the suit was brought rightly, and that no evidence but the note was necessary to support the declaration. 1 *Brown*, 145 ; *Prop'rs Ken. Purchase* v. *Call*, 1 *Mass. R.* 483 ; *Sutton* v. *Cole*, 3 *Pick.* 332 ; 10 *Serg. & R.* 257. This action would be a bar to any other suit on the note. *Livermore* v. *Herschell*, 3 *Pick.* 33.

The opinion of the Court was delivered by

Shepley J. — By pleading to the merits, the defendant admits the corporate capacity or name, or the official character of a plaintiff. So in the present case, the plea admits the existence of a

partnership of that name.    When a corporation sues, it is not necessary to state, or prove the corporators.    But in cases where the contract is made with persons acting in the name of a copartnership, the suit cannot be brought in the firm name, but the persons composing it must sue in their own names.

Partnerships may, and often do, exist, doing business under the same copartnership name, while the persons composing the firm are wholly changed.    While the plea admits the existence of a firm of that name, it remained to be proved, that the plaintiffs were the persons composing that firm at the time the contract was made.    The plea would not admit that *Otis Norcross* was one of the firm when the contract was made, because that firm name may be lawfully used by others after he has ceased to be one of the persons composing that firm.

*Exceptions sustained, and a new trial granted.*